IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | 4:08CR3146 |
| | ) | |
| v. | ) | |
| | ) | |
| ROBERT MARKS, | ) | MEMORANDUM |
| | ) | AND ORDER |
| Defendant. | ) | |
| | ) | |

Robert Marks (Marks) filed a Motion to Vacate under 28 U.S.C. § 2255. After initial review[1], I deny the motion and dismiss it with prejudice.

Without a plea agreement, Marks entered a guilty plea to two counts of a three count superseding indictment. (Filing no. 67 (Superseding Indictment)[2]; filing no. 90 (digital audio recording of Rule 11 proceeding).) As to Count I, Marks entered a guilty plea to violating 18 U.S.C. § 2252(a)(2) relating to the receipt or distribution of child pornography by means of a computer. As to Count III, Marks admitted that the computer equipment should be forfeited as a result of the aforementioned violation

---

[1]Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts provides:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

[2]The first indictment charged receipt or distribution of child pornography in violation of 18 U.S.C. § 2252(a)(2) and a related forfeiture allegation. (Filing no. 1.)

of the law. Marks was represented by John Vanderslice when he entered the guilty plea and prior thereto. Vanderslice is an enormously able Assistant Federal Public Defender with vast experience.

Marks did not enter a guilty plea to Count II relating to possession of child pornography in violation of 18 U.S.C. § 2252 )(1)(4)(B). However, after Marks was sentenced, the government dismissed Count II. (Filing no. 120.)

Marks retained Carlos Monzon shortly before sentencing was to take place. Like Vanderslice, Monzon is an extremely experienced and very able criminal defense lawyer. From the perspective of the defense, Marks' sentencing hearing went very well. Despite the fact that the Guideline range called for a sentence of 97 to 121 months in prison even after I sustained various objections asserted by Vanderslice and argued by Monzon (filing no. 121), I varied downward still further and imposed the statutory minimum sentence of 60 months. (Filing no. 120.) There was no appeal.

At sentencing, I concluded that Marks was guilty of receipt of child pornography by way of a computer (and in interstate commerce) but he should not receive a 7-level enhancement related to distribution. (Filing no. 116 (digital audio recording of sentencing hearing.) Early on, Vanderslice's expert established that the government failed to seize one of Marks' computers that the government surreptitiously accessed using the Gnutela Network (a file sharing program). These file sharing programs are a common means of receiving child pornography and also distributing child pornography. Absent proof that Marks had the capacity to access a file sharing program to make distributions, I was reluctant to sentence him as a distributor. However, the government did seize other computers with standard internet access that were owned by Marks and those computers also contained unlawful images.

In this regard, one can violate 18 U.S.C. § 2252(a)(2) by receiving child pornography via a computer without also being guilty of distribution of child

2

pornography. *See*, *e.g.*, United States v. Olander, 572 F.3d 764, 770 (9th Cir. 2009) ("receipt of child pornography, with or without an intent to distribute, is a crime"). The undisputed evidence (e.g., filing no. 118 at CM/ECF p. 5 and ¶¶ 13-14 (Presentence Report)) clearly showed that Marks received child pornography in violation of 18 U.S.C. § 2252(a)(2). Indeed, Marks admits as much in his pending motion.

Marks now claims that Vanderslice and Monzon both provided ineffective assistance of counsel. Essentially, Marks argues that both men should have seen to it that Marks was prosecuted and sentenced for possession of child pornography under the provisions of 18 U.S.C. § 2252 (a)(4)(B) and dismissed Count II rather than receipt of child pornography under the provisions 18 U.S.C. § 2252(a)(2) and Count III.[3] At bottom, Marks evidently seeks to avoid the statutory minimum sentence of 60 months imposed pursuant to the violation of 18 U.S.C. § 2252(a)(2).

The *Strickland* standard must be applied to Marks' ineffective assistance of counsel claim. Strickland v. Washington, 466 U.S. 668, 688, 694 (1984) (announcing principles for evaluation of claims of ineffective assistance of counsel under the Sixth Amendment). In order to prevail on a claim that defense counsel rendered ineffective assistance of counsel under *Strickland*, the claimant must establish two things. He or she must establish (1) that "'counsel's representation fell below an objective standard of reasonableness,'"[4] and (2) that "'there is a reasonable probability that, but for

---

[3]Subsequent to the judgment in this case, the Court of Appeals determined that "possession" of child pornography under 18 U.S.C. § 2252(a)(4)(B) is a lesser included offense of "receipt" under 18 U.S.C. § 2252(a)(2) if the same images are involved. United States v. Muhlenbruch, 634 F.3d 987, 1003–04 (8th Cir. 2011).

[4]A judge's "scrutiny of counsel's performance must be highly deferential" and the judge must "indulge a strong presumption that counsel's conduct falls within the range of reasonable professional assistance." Reed v. United States, 106 F.3d 231, 236 (8th Cir. 1997). In other words, a judge should make "every effort" to "eliminate the distorting effects of hindsight" by examining the lawyer's performance from

3

counsel's unprofessional errors, the result of the proceeding would have been different.'"[5] *Nguyen v. United States*, 114 F.3d 699, 703-04 (8th Cir. 1997) (quoting *Strickland*, 466 U.S. at 688, 694.)

An evidentiary hearing is unnecessary if the claimant makes an insufficient preliminary showing on either or both prongs or the record clearly contradicts the claimant's showing on either or both prongs. *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995) (affirming denial of § 2255 motion without a hearing in the face of an ineffective assistance of counsel claim; stating that no evidentiary hearing is required where "(1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.").

As to both lawyers, the claim of ineffective assistance of counsel is baseless. Indeed, it is extremely difficult to decipher exactly what Marks believes his lawyers did wrong and it is even more difficult to ascertain how Marks claims he was prejudiced.

As to Vanderslice, Marks seems to argue that Vanderslice should not have told him to reject a plea to a possession charge under 18 U.S.C. § 2252 (a)(4)(B) that required as a condition of the plea that Marks stipulate to a sentence of 60 months. Since Marks ultimately received a sentence of 60 months, it is apparent that Marks

---

"counsel's perspective at the time" of the alleged error. *Strickland*, 466 U.S. at 689.

[5]A "reasonable probability" is less than "more likely than not," *Kyles v. Whitley*, 514 U.S. 419, 434 (1995), but it is more than a possibility. *White v. Roper*, 416 F.3d 728, 732 (8th Cir. 2005). It must be compelling enough to "undermine confidence in the outcome." *Strickland, 466 U.S. at 694*. "This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687.

4

was not prejudiced by Vanderslice's advice to reject a plea that called for the same sentence.

Next, Marks seems to claim that Vanderslice or Monzon were somehow ineffective because the government did not ultimately offer a plea agreement to a possession charge under 18 U.S.C. § 2252 (a)(4)(B) that did not carry with it a stipulated sentence of 60 months. As best I can tell, Marks alleges (and I assume for purposes of this motion only) that the government conditionally offered to allow Marks to plead guilty to a possession charge without a stipulated sentence of 60 months *if* Marks took and passed a polygraph examination showing that he had not molested children and if Marks successfully completed a psychosexual evaluation showing that he was not dangerous to children. While Marks asserts that he took the polygraph examination, he does not claim that he passed it. Thus, Marks is unable to demonstrate that he satisfied a condition precedent to the government's alleged conditional offer and that failure cannot be ascribed to defense counsel.

Finally, Marks seemingly argues that Monzon should have tried to convince me to impose a sentence below the statutory minimum of 60 months. Of course, that assertion is frivolous. I had no power to impose a sentence of less than 60 months and Monzon could not have been ineffective for failing to ask me to do something that I had no power to do.

In summary, it plainly appears from the file, any exhibits and the record that Marks received superb representation from two excellent lawyers. Moreover, it plainly appears that Marks suffered no prejudice from that representation. As a consequence,

IT IS ORDERED that:

1. The Motion to Vacate Under 28 U.S.C. § 2255 (filing no. 122) is denied and the motion is dismissed with prejudice.

2. A separate judgment will be issued.

June 21, 2012.                                    BY THE COURT:

                                                  *Richard G. Kopf*
                                                  Senior United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.